UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CEDRIC SPEARS (#352089)

VERSUS                                              CIVIL ACTION

CPT. CHARLES HENYARD, ET AL          NUMBER 11-136-BAJ-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on January 23, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CEDRIC SPEARS (#352089)

VERSUS

CPT. CHARLES HENYARD, ET AL

CIVIL ACTION

NUMBER 11-136-BAJ-DLD

MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate at Dixon Correctional Institute, Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Capt. Charles Henyard and Lt. Col. Paul Payne. Plaintiff alleged that on June 1, 2009, he was subjected to an unreasonable strip search in violation of his constitutional rights. Plaintiff alleged that he was subsequently charged with introduction of contraband into a state correctional institution in violation of LSA-R.S. 14:402.

On March 15, 2011, the plaintiff was ordered to amend the complaint to identify the criminal charges pending against him, the status of the criminal charges, and any trial dates scheduled in the criminal matter.

In his response, the plaintiff stated that on July 22, 2009, he was charged with the introduction of contraband into a state correctional institution in violation of LSA-R.S. 14:402. Plaintiff was apparently arraigned on May 11, 2010, in East Feliciana Parish and the matter was scheduled for trial on April 25, 2011.

On March 24, 2011, an order was entered staying proceedings in this matter

until the criminal charges pending against the plaintiff in state court have been finally resolved.  Plaintiff was ordered to advise the court promptly upon conclusion of the criminal charges pending against him.

On November 9, 2011, the plaintiff was ordered to advise the court regarding the status of the state criminal charges, whether the trial has taken place and the outcome of the criminal proceedings, if any.   Plaintiff was placed on notice that the failure to comply with this order may result in the dismissal of the complaint without further notice.  Plaintiff failed to respond to the court's order.

Rule 16(f), Fed.R.Civ.P., provides in relevant part that on its own motion, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party fails to obey a scheduling or other pretrial order.

A district court should dismiss a complaint with prejudice as a sanction only when there is a clear record of delay or contumacious conduct by the plaintiff and lesser sanctions would not serve the best interests of justice.  *John v. State of Louisiana*, 828 F.2d 1129 (5th Cir. 1987).  It is the stubborn resistance to authority that justifies a dismissal with prejudice.  *Stearman v. C.I.R.*, 436 F.3d 533, 537 (5th Cir. 2006).  A district court should consider aggravating factors including whether the plaintiff himself contributed to the delay, whether the defendant suffered actual prejudice, and whether the delay was intentional.  *Price v. McGlanthery*, 792 F.2d 472, 474 (5th Cir. 1986) (per curiam) (citing *Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1519 (5th Cir. 1985) (per curiam)).  Where further litigation on

the claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used. *Williams v. Brown & Root, Inc.*, 828 F.2d 325 (5th Cir. 1987) citing *McGowan v. Faulkner Concrete Pipe Co.*, 659 F.2d 554, 556 (5th Cir. Unit A Oct. 1981).

Local Rule 41.2 c. provides that a civil action may be dismissed, without prejudice, by the court for lack of prosecution where a cause has been pending six months without proceedings being taken within such period. The action may be reinstated within 30 days for good cause shown.

It is clear that the plaintiff has lost interest in prosecuting this action. Plaintiff has taken no action to prosecute this matter. The failure to comply with this court's scheduling order has resulted in undue delay and the record supports a finding that the delay was intentional. In addition to taking no action to further prosecute this case in accordance with this court's scheduling order, the plaintiff failed to respond to the court's order.

This court will not condone, by the failure to impose a serious sanction, ignoring its orders. Because the plaintiff is proceeding in forma pauperis, a monetary sanction would be ineffective. Prohibiting the plaintiff from filing a pretrial order would not likely have any effect; it is not certain that the plaintiff would even appear at the trial. Under the circumstances of this case, an appropriate sanction under Rule 16(f) for failing to comply with this court's scheduling order and under Uniform Local Rule 41.2 for failure to prosecute, is dismissal, without prejudice.

## RECOMMENDATION

It is the recommendation of the magistrate judge that this action be dismissed for failure to comply with the court's scheduling order and failure to prosecute pursuant to Rule 16(f), Federal Rules of Civil Procedure and Local Rule 41.2, respectively.

Signed in Baton Rouge, Louisiana, on January 23, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**